OPINION.
This case involves two complaints in which defendant-appellant Ronald Joseph contested the valuation of his car dealership located at 8737 Colerain Avenue in Hamilton County. Joseph filed the first complaint with the Hamilton County Board of Revision ("BOR") on March 28, 1997. The first complaint stated that any notices relating to the filing should be sent to "Joseph, Ronald G., ET AL" at "250 East 5th St.[,] Cincinnati[,] Ohio 45202" and his agent, Louis Rouse, at "250 East 5th St.[,] Cincinnati[,] Ohio 45202."
In November 1997, the BOR sent a registered notice of hearing to the following address:
 Joseph Ronald G % Louis Rouse 250 East Fifth ST [sic] Cincinnati[,] OH 45202.
Rouse testified that his receptionist received the notice, but no one appeared on behalf of Joseph at the BOR hearing, and the complaint was thereafter dismissed for "failure to prosecute." The BOR sent a notice of its dismissal by certified mail to Joseph at the address listed above. The notice was subsequently returned to the BOR because it contained an "insufficient address." Apparently, the post office returned it because there was no room number listed on the address.
On March 19, 1998, Joseph filed another complaint with the BOR, contesting the valuation of the same property for the tax year 1997. The complaint stated that notices should be sent to "Ronald G. Joseph, et al." at "250 E. Fifth St., Cincinnati, OH 45202" and to Joseph's agent, Norman Barron, at "1400 Fourth Vine Tower, Cinti [sic], OH 45202." A hearing on the second complaint was conducted by the BOR on July 7, 1998. Rouse and Barron appeared on behalf of Joseph. Following the hearing, the BOR dismissed Joseph's complaint for lack of jurisdiction pursuant to R.C. 5715.19, which states that more than one complaint relating to the valuation of a property may not be filed in the same triennium unless one of the statutory exceptions applies. Joseph appealed the BOR's 1998 decision pursuant to R.C. 5717.05, arguing that the BOR had erred in dismissing the complaint for lack of standing. After conducting a hearing, the trial court affirmed the BOR's decision, and Joseph now appeals.
Joseph essentially contends in his sole assignment of error that the dismissal of his second complaint denied him due process of law because the proceedings on the original complaint filed in 1997 were void ab initio. Joseph maintains that the proceedings were void because the board failed to provide him with "reasonable notice" of the dismissal of the original complaint by failing to ensure delivery under R.C 5715.20. We do not agree.
R.C. 5715.20 requires that the BOR "certify its action by certified mail to the person in whose name the property is listed[.]" Despite Joseph's arguments to the contrary, the board's obligation under R.C. 5715.20 did not require that it ensure actual delivery of its decision to Joseph.[1] Pursuant to R.C. 5715.20, the BOR sent the decision by certified mail to Joseph, using the exact names and addresses that had been given in the original complaint. By sending the decision to Joseph, in care of Rouse, at the exact address listed in the complaint, the board complied with R.C. 5715.20.[2] Because the board sent reasonable notice of the dismissal of the original complaint to Joseph, we reject Joseph's argument that the proceedings on the original complaint were void ab initio.
The only issue remaining, therefore, is whether the 1998 complaint was the second filing in a triennium. Pursuant to R.C.5715.19(A)(2), only one complaint may be filed during each triennium absent any showing of a change of circumstances under R.C. 5715.19(A)(2)(a) through (d). It is undisputed that none of the circumstances set forth in the statute was alleged in the second complaint filed by Joseph in 1998. Further, it is undisputed that the two filings were made during the same interim period within the meaning of R.C. 5715.19(A)(2), and that the two complaints concerned the same property. Accordingly, we hold that the trial court did not err in affirming the BOR's decision that it lacked jurisdiction to hear the 1998 complaint pursuant to R.C.5715.20, because it was the second filing in a triennium. Therefore, the judgment of the trial court is affirmed.
Doan, P.J., concurs.
Painter, J., concurs separately.
[1] See Colorado Cattle Co. v. Wayne Cty. Bd. of Revision (Feb. 3, 1999), Wayne App. Nos. 97CA0078, 98CA0002, and 98CA0003, unreported.
[2] See id. (citing Osborne v. Lake Cty. Bd. of Revision (Jan. 31, 1992), Lake App. No. 91-L-076, unreported).